UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIS AMERICAS ADMINISTRATION, INC. and WILLIS TOWERS WATSON NORTHEAST, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DANIELLE LOMBARDO and HOWDEN US SERVICES, LLC,<br><br>Defendants. | Case No. 3:25-cv-16217-GC-RLS<br><br>CIVIL ACTION<br><br>*Document Filed Electronically* |

**CONSENT TO TEMPORARY INJUNCTION TO AID SETTLEMENT DISCUSSIONS**

**WHEREAS**, on October 2, 2025, Plaintiffs Willis Americas Administration, Inc. and Willis Towers Watson Northeast, Inc. ("WTW") filed a Complaint for Injunctive Relief and Damages (DE 1) against Defendants Danielle Lombardo and Howden US Services, LLC ("Defendants"), along with an Order to Show Cause with Temporary Restraints pursuant to Fed. R. Civ. P. 65 (DE 4) with an accompanying Memorandum in Support thereof with supporting documents (DE 4-1 – 4-2) (collectively the "Motion");

**WHEREAS**, on October 20, 2025, Defendants filed their respective Oppositions to the Motion (DE 22 and 29);

**WHEREAS**, on October 22, 2025, Plaintiff filed a Reply in further support of the Motion (DE 32)

**WHEREAS,** on October 24, 2025, the Court scheduled argument on the Motion for Wednesday, October 29, 2025 (DE 33);

**WHEREAS,** the Parties are conferring about a possible resolution of the current matter and, without acknowledging any liability or wrongdoing, have agreed upon this Order upon the

terms set forth below to allow those discussions to continue and ask that the Court continue the argument scheduled for Wednesday, October 29, 2025 until Thursday, November 6, 2025, or such other time as the Court may hear argument.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS, UNTIL THE EARLIER OF ARGUMENT ON THE PENDING MOTION FOR INJUNCTIVE RELIEF OR RESOLUTION OF THIS MATTER BY THE PARTIES:**

1. Defendant Lombardo will not directly or indirectly solicit, accept broker of record letters ("BORs") from, transact business with and/or service "Restricted Clients" and/or "Restricted Prospective Clients," or solicit employees, as set forth in her Non-Solicitation Agreement ("Lombardo NSA") that was attached to the Complaint, EXCEPT that Defendant Lombardo will be permitted to solicit, accept BORs, transact business with and/or service the list of six clients whose identities have been exchanged and agreed to by the Parties (without conceding that such clients are subject to the Lombardo NSA);

2. Non-parties Jeremy Cox, Hannah Enenbach, Megan Sheehan, Brooke Griffle and Sahara Petit-De (the "Lombardo Team") will not directly or indirectly solicit, accept BORs from, transact business with and/or service "Restricted Clients" and/or "Restricted Prospective Clients," or solicit employees, as set forth in their respective Non-Solicitation Agreements (the "Lombardo Team NSAs") that were attached to the Reply, EXCEPT that the Lombardo Team will be permitted to solicit, accept BORs from, transact business with and/or service the list of six clients whose identities have been exchanged and agreed to by the Parties (without conceding that such clients are subject to the Lombardo Team NSAs);

3. Defendant Howden will not accept BORs from any of the 5 clients whose identities have been exchanged and agreed to by the Parties if the BORs were obtained through solicitation by Defendant Lombardo or the Lombardo Team;

4. Defendant Howden will not directly or indirectly solicit any WTW employees who worked with Lombardo or the Lombardo Team at WTW;

5. Without admitting to the existence of any confidential or proprietary information of Willis Towers Watson as defined by the Lombardo NSA and the Lombardo Team NSAs ("Confidential Information"), to the extent that Defendant Lombardo and/or members of the Lombardo Team retain possession of any Confidential Information, Defendant Lombardo and the member of the Lombardo Team shall not disclose or use Confidential Information, if any, and counsel for the Defendants will cooperate with counsel for Plaintiffs to segregate and preserve such Confidential Information, if any;

6. Without admitting to the existence of any such Confidential Information, to the extent Defendant Howden is in possession of any Confidential Information that was furnished to Howden by Defendant Lombardo and/or the Lombardo Team, counsel for the Defendants will cooperate with counsel for Plaintiffs to segregate and preserve such Confidential Information, if any;

7. The Parties' entry into this Consent Injunction shall not be interpreted as a waiver of any arguments for further relief, or defenses to any claims or relief requested, nor constitute an admission of liability;

8. The argument scheduled for Wednesday, October 29, 2025 is continued until **November 6, 2025 at 1:30 p.m.**; and

9. The Parties shall immediately advise the Court if the Parties resolve the dispute so that the oral argument on Plaintiffs' Motion may be cancelled.

**IT IS FURTHER STIPULATED AND AGREED,** that electronic signatures on this stipulation are intended to be accepted as original signatures by the Clerk for the purpose of filing.

Dated: October 28, 2025 　　　　　　　　　　　　Respectfully submitted,

**SAUL EWING LLP**
*Counsel for Plaintiffs*

By: */s/ Erik P. Pramschufer*
Erik P. Pramschufer
Gary B. Eidelman (*pro hac vice*)
Mark Nehme

**DORSEY & WHITNEY LLP**
*Counsel for Defendant Lombardo*

By: */s/ Edward Magarian (with permission)*
Bruce R. Ewing
Edward Magarian (*pro hac vice*)
Jack Sullivan (*pro hac vice*)

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
*Counsel for Defendant Howden US Services, LLC and Non-Parties Jeremy Cox, Hannah Enenbach, Megan Sheehan, Brooke Griffle and Sahara Petit-De*

By: */s/ Maria A. Gomez (with permission)*
Maria Alejandra Gomez
Brian D. Murphy (*pro hac vice*)

**IT IS SO ORDERED THIS 29th DAY OF OCTOBER 2025.**

_____
HON. GEORGETTE CASTNER
United States District Judge